**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

CHRISTOPHER DANIEL LAUGHLIN,                                    PLAINTIFF
ADC # 100594

v.                                    2:24CV00134-BSM-JTK

ALBERT NORTON, et al.                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller.   Any party may file written objections to all or part of this Recommendation.   If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.   By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.      Introduction**

Christopher Daniel Laughlin ("Plaintiff") is incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC").   Plaintiff sued Sergeant Albert Norton and Assistant Health Services Administrator Jason Palmer in their personal and official capacities alleging deliberate indifference to his serious medical needs.   (Doc. No. 2).   Plaintiff seeks damages and injunctive relief.   (Id. at 5).

Plaintiff's claims against Palmer have been dismissed with prejudice; Palmer is no longer a party to this action.   (Doc. No. 69).   Plaintiff's claims against Defendant Norton remain

pending.

On January 5, 2026, Defendant Norton filed a Motion for Summary Judgment on the merits of Plaintiff's claims.   (Doc. No. 70).   Plaintiff has responded and Defendant Norton has replied. (Doc. Nos. 77, 78, 79).   For the reasons set out below, the Court recommends that Defendant Norton's Motion be granted.

## II.   Plaintiff's Complaint

Plaintiff's pleading reads, in its entirety:

On 4-9-24 medical provider Wellpath issued me a knee brace for a physician-diagnosed condition. On 4-11-24 ADC Sgt. A. Norton observed said physician prescribed medical appliance triggered an ADC medical detector.  Sgt. Norton then refused to comply with A.D. 2021-08 directive to conduct a cursory pat down search as is standard ADC procedure for inmates with pace-makers, metal replacement joints, canes, wheel chairs, walkers, or any other medical device which triggers the metal detector.  Sgt. Norton then initiated contact with A.U.S.A. J. Palmer whom has no medical authority or prescriptive power or certification or medical degree whom Sgt. Norton directed (Mr. Palmer) to alter, tamper with, and destroy my medically indicated and prescribed appliance.  Mr. Palmer destroyed this knee brace.

ADC in-house remedy EA24-00280 is exhausted.

I have multiple broken bones, destroyed joints, and sundry injuries from frequent falls on prison concrete floors which could have and would be reduced in the future if not for the actions of Sgt. Norton and Mr. Palmer which were contrary to policy, in violation of medical regulations, and outside the scope or purview of their professions.

Whereas the persons of Sgt. A. Norton and Mr. J. Palmer did conspire to intentionally cause my own person real physical harm and by their actions outside the law did and do continue to inflict physical bodily injury on me I therefore claim I am entitled to proper medical care and monetary compensation for such pain and suffering and mental anguish as imposed maliciously be Sgt. A Norton and J. Palmer here in afore stated.

(Doc. No. 2 at 4).

## III.   Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows

2

that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV.     Facts and Analysis

Plaintiff alleged deliberate indifference to his serious medical needs.

### A.     Official Capacity Claims

Plaintiff sued Defendant Norton in his official and personal capacities. (Doc. No. 2 at 1-

2).  Plaintiff's official capacity damages claims against Defendant Norton are the equivalent of claims against his employer, the Arkansas Division of Correction.  "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."  Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).  Accordingly, Plaintiff's official capacity claims against the Defendant Norton are the equivalent of claims against the state of Arkansas.  To the extent Plaintiff requested damages, his official capacity claims are barred by Eleventh Amendment.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

The Eleventh Amendment does not bar prospective injunctive relief.  Nix v. Norman, 879 F.2d 429, 432 (8th Cir. 1989).  But to establish liability against a defendant in his official capacity, a plaintiff must show that the defendant acted pursuant to an unconstitutional policy or practice.  Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006).  Plaintiff has not done so.  Consequently, Plaintiff's official capacity claims against Defendant Norton fail.

**B.  Personal Capacity Claims—Deliberate Indifference to Serious Medical Needs**

Pursuant to the Eighth Amendment, "[t]he government has an 'obligation to provide medical care for those whom it is punishing by incarceration."  Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).  It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners."  Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted).  "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'"  Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted).

"Deliberate indifference may be demonstrated by prison guards who intentionally deny or

4

delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

The uncontested facts establish that at all relevant times, Defendant Norton was employed by the ADC as a Corrections Sergeant at the EARU. (Doc. No. 72 at ¶ 2; Doc. No. 70-1 at ¶ 1). Defendant Norton's job duties include securing the prison facility by providing safety and security for staff and inmates. (Doc. No. 72 at ¶ 7; Doc. No. 70-1 at ¶ 2; Doc. No. 70-5 at 21:19-21:22).

Plaintiff presented to Health Services on April 2, 2024, requesting a wheelchair.[1] (Doc. No. 52 at ¶ 2; Doc. No. 52-1). He reported that his knee "gave out" the other day. (Doc. No. 52 at ¶ 2; Doc. No. 52-1). APRN Tracy Bennet—not a party to this action—examined Plaintiff and noted that his left knee demonstrated mild ecchymosis[2] under the knee cap. (Doc. No. 52 at ¶ 2; Doc. No. 52-1). Bennet noted no edema,[3] erythema[4] or effusion,[5] though Plaintiff complained

---

[1] Defendant Norton did not provide some of Plaintiff's medical history in support of his Motion. Regardless, the Court may consider additional materials in the record. Fed. R. Civ. P. 56(c)(3).

[2] Ecchymosis is the escape of blood into the issues from ruptured blood vessels. https://merriam-webster.com/dictionary/ecchymosis (last visited Dec. 11, 2025). In other words, it is a type of bruise.

[3] Edema is an accumulation of fluid in connective tissue or in a serious cavity. https://merriam-webster.com/dictionary/edema. (last visited Dec. 11, 2025).

[4] Erythema is "abnormal redness of the skin or mucous membranes due to capillary congestion (as in inflammation)." https://merriam-webster.com/dictionary/erythema. (last visited Dec. 11, 2025).

[5] Effusion is, among other things, "the escape of a fluid from anatomical vessels by rupture

of tenderness upon palpitation.   (Doc. No. 52 at ¶ 2; Doc. No. 52-1).   Bennett provided a left knee compression sleeve for use until an adjustable knee immobilizer with lateral support could be delivered.   (Doc. No. 52 at ¶ 2; Doc. No. 52-1).

Plaintiff received a knee brace with patella support on April 5, 2024.   (Doc. No. 52 at ¶ 3; Doc. No. 52-2).   On April 11, 2024, Defendant Norton stopped Plaintiff when he was walking through a security checkpoint because Plaintiff's knee brace triggered the metal detector.   (Doc. No. 72 at ¶ 14; Doc. No. 70-1 at ¶ 3).   For security purposes, Defendant Norton told Plaintiff that he could not pass through the metal detector wearing the knee brace if it included the metal parts that activated the metal detector.   (Doc. No. 72 at ¶ 15; Doc. No. 70-1 at ¶ 4).   Defendant Norton is not a physician or medical professional, does not provide medical care, and has no authority over medical personnel.   (Doc. No. 72 at ¶ 17; Doc. No. 70-1 at ¶ 6; Doc. No. 70-5 at 21:19-21:22).   As such, Defendant Norton asked Palmer if an alternative treatment option was available for Plaintiff that would not trigger the metal detector.   (Doc. No. 72 at ¶ 17; Doc. No. 70-1 at ¶ 7).

To Defendant Norton's knowledge, Palmer then consulted Bennett—the nurse practitioner who examined Plaintiff and prescribed the brace.   (Doc. No. 70-1 at ¶ 8; Doc. No. 52 at ¶ 5; Doc. No. 52-3 at ¶ 5).   To Defendant Norton's knowledge and to the best of his understanding, Bennett determined that the metal pieces could be removed from the brace and Plaintiff could continue to use the brace without those pieces.[6]   (Doc. No, 70-1 at 9; Doc. No. 52 at ¶ 5; Doc. No. 52-3 at

---

or exudation."   https://merriam-webster.com/dictionary/effusion. (last visited Dec. 11, 2025).

[6] Plaintiff has made no objection under the Federal Rules of Evidence regarding Palmer's affidavit.   As such, to the extent Palmer's affidavit may contain hearsay, there is no error in considering that evidence.   Davis v. City of Little Rock, 122 F.4th 326, 332 (8th Cir. 2024).

¶ 5).   To Defendant Norton's knowledge and to the best of his understanding, after consulting with Bennett, Palmer removed the metal pieces and returned the brace to Plaintiff.[7]   (Doc. No. 70-1 at ¶ 10; Doc. No. 52 at ¶ 5; Doc. No. 52-3 at ¶ 5).

Plaintiff does not contest any of these facts in his Responses to Defendant Norton's Motion. (Doc. Nos. 77, 78).   Plaintiff argues that a disciplinary he received after April 11, 2024, is irrelevant.   (Doc. No. 78; Doc. No. 70-2).   The Court agrees.

Plaintiff also says ADC policy requires inmates to clear the metal detector unless medically indicated.   (Doc. No. 77 at ¶ 2; Doc. No. 78 at 1).   There is, however, no § 1983 liability for violating prison policy, without more.   Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997). Further, according to Bennett, who is a medical professional (Doc. No. 70-5 at 21:19-21:22), there was no medical necessity for the metal pieces.   In Plaintiff's deposition testimony, which Defendant Norton submitted in support of his Motion, Plaintiff says he believes Defendant Norton told Bennett that the metal pieces needed to be removed and Bennett acquiesced despite the medical necessity of those metal pieces.   (Doc. No. 70-5 at 20:18-21:13).   There is no evidence in the record, beyond Plaintiff's statement, that the metal pieces were a medical necessity.

Further, during an April 15, 2024, sick call, Kanaka Byrd noted that Plaintiff ambulated with "normal steady gait" without the use of any assistive device.   (Doc. No. 52-4 at 3).   During May 9, 2024, and May 20,2024, sick call visits, Bennett observed that Plaintiff ambulated without difficulty.   (Id. at 9, 13).   During a July 14, 2024, sick call visit, Katheren Billingsley also noted Plaintiff ambulated without difficulty without an assistive device.   (Id. at 16).   The Court notes

---

[7] In Plaintiff's Complaint, it appears that the events took place simultaneously.   During his deposition, Plaintiff clarified that the series of events took place over the course of 24 hours. (Doc. No. 70-5 at 18:7-19:6).   The timing does not alter the Court's analysis or conclusion.

that neither of these sick call visits were in connection with Plaintiff's knee. The uncontested medical records show that between April 4, 2024, and the time Plaintiff filed this lawsuit on July 24, 2024, Plaintiff did not seek medical attention for his knee and no x-rays were ordered in connection with his knee. (Doc. No. 52-4; Doc. No. 72 at ¶ 20; Doc. No. 70-4 at 1; Doc. No. 54; Doc. No. 77; Doc. No. 78). As of the date of Plaintiff's deposition, Plaintiff had a knee sleeve but not a brace. (Doc. No. 70-5 at 44:17-45-3). Plaintiff said during his deposition that he fell again after the brace was taken from him. (Doc. No. 70-5 at 16:14-18:6). No medical records in evidence suggest Plaintiff sought treatment for a further fall.

Liability under § 1983 turns on deliberate indifference—"a mental state akin to criminal recklessness." Troupe v. Young, 143 F.4th 955, 969 (8th Cir. 2025). Plaintiff acknowledged that Defendant Norton is not medically trained. (Doc. No. 59). Defendant Norton's reliance on Palmer and Bennett's explanation was reasonable, as Bennett had examined Plaintiff, was aware of his medical condition, and prescribed the brace. Smith v. Lisenbe, 73 F.4th 596, 600 (8th Cir. 2023) (citing McRaven v. Sanders, 577 F.3d 974, 981 (8th Cir. 2009)). Considering what Bennett told Palmer, no reasonable jury could find that Defendant Norton was deliberately indifferent— that he acted with a mental state akin to criminal recklessness. While Plaintiff may have preferred knee support beyond a protective sleeve, Plaintiff has no right to his preferred course of treatment. Barr v. Pearson, 909 F.3d 919, 921 (8th Cir. 2018).

Where, as here, Defendant Norton moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" Fatemi v. White, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted). Plaintiff has not, however, met proof with proof to establish facts in dispute that would preclude summary judgment in Defendant Norton's favor. Wilson v. Miller,

821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); <u>Bolderson v. City of Wentzville, Missouri</u>, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). As such, Defendant Norton's Motion should be granted.

## V.        Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.        Defendant Norton's Motion for Summary Judgment (Doc. No. 70) be GRANTED;

2.        Plaintiff's claims against Defendant Norton be DISMISSED with prejudice; and

3.        This case be CLOSED.

Dated this 3rd day of February, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE